[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12083
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00401-CAP-AJB-1


UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

BOSTON ROUSE,
a.k.a. Buck,

                                                            Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 23, 2013)


Before TJOFLAT, HULL and JORDAN, Circuit Judges.

PER CURIAM:

After pleading guilty, Boston Rouse appeals his 108-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  On appeal, Rouse argues that his sentence was substantively unreasonable.  After review, we affirm.

We review the reasonableness of a sentence under the deferential abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively unreasonable under the totality of the circumstances.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).[1]

The abuse of discretion standard "allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment."  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted).  The party challenging the sentence bears the burden of proving the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  Pugh, 515 F.3d at 1189.[2]

---

[1]Rouse does not contend that his sentence is procedurally unreasonable or point to any procedural error at his sentencing.

[2]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed

At sentencing, the district court calculated a criminal history category of IV and a total offense level of 29, which resulted in an advisory guidelines range of 121 to 151 months.  Because the advisory guidelines range was above the statutory maximum ten-year sentence, however, Rouse's advisory sentence became 120 months.  See U.S.S.G. § 5G1.1(a).  The district court varied downward twelve months, and imposed a 108-month sentence.

In explaining the chosen sentence, the district court stated that while it believed that Rouse deserved the statutory maximum of 120 months, the court agreed with Rouse that he should receive some tangible credit for having pled guilty and avoiding the expense of trial.  The district court also noted Rouse's family support, which would be integral to his success upon release.  The district court found that Rouse's requested three-year sentence, however, would be insufficient deterrence because Rouse's previous seven-year sentence for drug and gun-related offenses had not deterred him from committing the instance offense.  Accordingly, the district court felt compelled to impose a sentence greater than seven years.  The district court concluded, after considering the § 3553(a) factors, that a ten percent reduction in the ten-year statutory maximum, or a 108-month sentence, was appropriate.

---

educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

Rouse has not shown that his 108-month sentence, twelve months below his advisory guidelines sentence of 120 months, was substantively unreasonable. This Court would not ordinarily expect a sentence below the advisory guidelines range to be unreasonable. See United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) (explaining that, although we do not presume that a sentence falling within the guidelines range is reasonable, we normally expect such a sentence to be reasonable).

Rouse's sentence also satisfied the goals encompassed within § 3553(a). While the district court acknowledged Rouse's guilty plea and family support as positive factors, it was within its discretion to give them less weight than the need for deterrence. See United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (stating that the weight accorded any specific § 3553(a) factor is committed to the sound discretion of the district court). The district court instead emphasized Rouse's history of criminal behavior, including a record of numerous offenses involving violent behavior and drug trafficking. In fact, Rouse had twice been convicted of possession of a firearm by a felon—most recently in 2008, a conviction for which he was still on probation when he committed the instant offense. Because Rouse's commission of the instant offense showed that Rouse had not been deterred from his criminal lifestyle, it was reasonable for the district court to impose a sentence greater than the seven-year sentence Rouse received in

4

2008.  Lastly, contrary to Rouse's argument, the nature of his offense was neither benign nor victimless.  Rouse was a felon illegally in possession of a loaded firearm with an obliterated serial number, and he sold this firearm without concern as to the purchaser's potential illegal aims.

Considering the seriousness of Rouse's offense and his history of repeated involvement in drug and gun-related crimes, we cannot say the district court abused its discretion when it refused to vary any further downward.  Rouse has not shown his 108-month sentence is unreasonable.

**AFFIRMED.**

5